# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT LOUIS WIRTZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-140-D |
| | ) | |
| P.D. TAYLOR, Sheriff, in his | ) | |
| individual and official capacities, and | ) | |
| ARMOR, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Suzanne Mitchell, to whom this 42 U.S.C. § 1983 action was referred for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). It appears upon the filing of the Complaint, Plaintiff was in the custody of the Oklahoma County Jail. [Doc. No. 1]. Appearing *pro se* and seeking leave to proceed *in forma pauperis,* Plaintiff asserted claims based on the alleged violation of his constitutional rights.

In a February 15, 2018 Order, Judge Mitchell directed Plaintiff to cure certain deficiencies in his Application for *in Forma Pauperis* Status. [Doc. No. 6]. Specifically, Judge Mitchell advised Plaintiff that he was required to submit a certified copy of his trust fund account statements (or the institutional equivalent) from each penal institution or jail where he had been confined since early August 2017. Plaintiff was ordered to cure the deficiencies by March 15, 2018. Judge Mitchell warned Plaintiff that failure to comply could result in the recommended dismissal of the action.

On March 14, 2018, Plaintiff filed a second Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 8]. Plaintiff asserted in the motion that he had only been in jail since December 2017 and attached his account statement from December 18, 2017 to March 5, 2018. [Doc. No. 8 at 2-4].

On March 19, 2018, Judge Mitchell notified Plaintiff that his second motion for leave to proceed *in forma pauperis* was also deficient because Plaintiff had misrepresented his dates of incarceration and trust account statements from early August 2017 through early February 2018 were required. [Doc. No. 9 at 2]. Judge Mitchell extended Plaintiff's time to cure his deficient *in forma pauperis* application to April 18, 2018. *Id.* at 3. Plaintiff was again cautioned that his failure to comply could result in the recommended dismissal of the action. *Id.*

On April 23, 2018, Judge Mitchell *sua sponte* granted Plaintiff an extension to cure his deficient application by May 7, 2018. [Doc. No. 10]. After Plaintiff failed to cure the deficiencies or request an extension of time to do so, on May 16, 2018, Judge Mitchell filed her Report [Doc. No. 11], recommending that Plaintiff's action be dismissed without prejudice to refiling.

In her Report, Judge Mitchell advised Plaintiff of his right to object and directed that any objection be filed on or before June 6, 2018. Judge Mitchell further advised Plaintiff that any failure to object would result in waiver of the right to appellate review. To date, Plaintiff has not filed objections and has not sought an extension of time in which to do so. The Court notes that the record reflects the copy of the Report mailed to Plaintiff was returned with the notation "return to sender/unable to forward." [Doc. No. 13].

Local Rule 5.4(a) expressly provides that a *pro se* litigant must file a change of address form when he moves, and the responsibility of the Court and the opposing parties is limited to mailing pleadings to a *pro se* litigant's last known address. LCvR 5.4(a). Material mailed by the Court to the last known address furnished by the *pro se* litigant is deemed delivered. *Id. See also* FED. R. CIV. P. 5(b)(2)(C) (service complete upon mailing to person's last known address). To date, Plaintiff has not filed a change of address form or otherwise informed the Court of his new address. *See* LCvR 5.4(a).

The Court agrees with Judge Mitchell that Plaintiff's failure to inform the Court of his current address or correct the deficiencies warrants dismissal of this case without prejudice. Pursuant to FED. R. CIV. P. 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. The Tenth Circuit has "consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 Fed. Appx. 915, 916-917 (10th Cir. May 16, 2012) (unpublished)[1] (internal quotation marks omitted), *citing Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003); *see also AdvantEdge Bus. Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal without prejudice warranted as sanction for failure to prosecute or for failure to comply with local or federal procedural rules); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir.

---

[1] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

2005) (dismissal appropriate where party disregards court orders and fails to proceed as required by court rules).

Accordingly, Judge Mitchell's Report and Recommendation is ADOPTED as though fully set forth herein. This action is dismissed without prejudice to the filing of a new action. A judgment shall be issued forthwith.

IT IS SO ORDERED this 18th day of June 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE